Berrick Schloss  
vs.  
William Schloss & Son, Inc. } Eq. No. 9032

March 19, 1929.

TANNER, P. J. This matter is heard upon the appeal of a creditor from the disallowance of his claim by a receiver.

The claim is predicated upon a lease for 5 years. The lessee became insolvent and a receiver was appointed a little more than a year from the beginning of the lease, so that there is now about four years to run on the lease. The lease provides that if the lessee

shall elect or fail to perform or observe any of the covenants in the lease, or if a receiver be appointed to take charge of the property or wind up the affairs of the lessee, then in either of said cases the lessor lawfully may terminate the lease and the lessee shall pay to the lessor as damages a sum equal to the amount of the rent reserved in the lease for the residue of the term.

The claim for damages is about $35,000. The assets were $4,400 and merchandise liabilities $10,000.

There is great confusion in the authorities as to whether such damages as are claimed in this case are liquidated damages or merely a penalty. Various tests have been adopted in different decisions. The intention of the parties is decided upon consideration of the provisions of the whole agreement in view of the circumstances in each case and the intention of the parties as thus disclosed is the decisive test.

*Wholey Boiler Works* vs. *Lewis*, 45 R. I. 441.

In our opinion the fact that the same measure of damages is provided in this case for breach of all the different covenants of the lease varying in terms giving rights to different amounts of damages is a very important indication of the intention of the parties to the lease.

"The fact that a single sum is named to secure the performance of various stipulations, the damages for the breach of which are necessarily different, tends to show that the provision is one for penalty."

Tiffany, Landlord & Tenant, Vol. 1, p. 1054.

Considering, therefore, all the circumstances of the case and the consequence of construing this provision as a liquidated damage rather than a penalty, we are of the opinion that it should be construed as a penalty and the appeal is therefore denied.

.

For complainant: P. C. Joslin.

For respondent: Greenough, Lyman & Cross. Harvey S. Reynolds.